

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
DENNIS BENNETT,

                 Petitioner,

   -against-

UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NEW YORK,

                 Respondent.
------------------------------------------------------------X
FEUERSTEIN, J.

**ORDER**
09-CV-0058 (SJF)

FILED
IN CLERK'S OFFICE
US DISTRICT COURT EDNY

★ MAR 08 2012 ★

LONG ISLAND OFFICE

Pro se petitioner Dennis Bennett ("petitioner") has commenced this action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [Docket Entry No. 1]. Specifically, petitioner seeks to "vacate and set aside the special parole portion" of a sentence imposed by Judge Jacob Mishler in 1977. Id. at 2.

On February 13, 2012, the Court issued an order directing petitioner to show cause on or before March 5, 2012 why the petition should not be dismissed for lack of jurisdiction. See United States v. Snype, Nos. 07 Civ. 9490, 02 Cr. 0939-3, 2011 WL 6122286, at *1 (S.D.N.Y. Dec. 8, 2011) (citing Whab v. United States, 408 F.3d 116, 118 (2d Cir. 2005)). The order to show cause was returned as undeliverable, with the envelope stamped "INMATE NOT HERE." [Docket Entry No. 16]. Thus, it appears that plaintiff has been transferred or discharged and has not provided the Court with a current address.[1]

Federal Rule of Civil Procedure 41(b) provides a district court with "the authority to

---

[1] Plaintiff has not contacted the court since April 2009.

1

dismiss a plaintiff's case . . . for failure to prosecute." LeSane v. Hall's Sec. Analyst, Inc., 239 F.3d 206, 209 (2d Cir. 2001) (citing Link v. Wabash R.R. Co., 370 U.S. 626, 630 (1962)). "Courts have repeatedly recognized that dismissal for failure to prosecute is appropriate where a plaintiff effectively disappears by failing to provide a current address at which he or she can be reached." Austin v. Lynch, 10-CV-7534, 2011 WL 5924378, at *2 (S.D.N.Y. Nov. 29, 2011). In this case, plaintiff has "effectively disappear[ed]." Given plaintiff's failure to update his contact information, it is impossible for the Court to communicate with him.

Accordingly, this case is dismissed without prejudice for failure to prosecute. The Clerk of Court is respectfully directed to close this case.

**SO ORDERED.**

s/ Sandra J. Feuerstein

Sandra J. Feuerstein
United States District Judge

Dated: March 8, 2012
Central Islip, New York

2